**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION**

| | | |
|---|---|---|
| *In re: Capital One Consumer Data* | ) | |
| *Security Breach Litigation* | ) | MDL No. 2915 |
| | ) | |

**RESPONSE TO MOTION TO TRANSFER BY PLAINTIFFS AIMEE ABALLO AND
SETH ZIELICKE IN SUPPORT OF TRANSFERRING THE ACTIONS TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and JPML Rule 6.2, Plaintiffs Aimee Aballo and Seth Zielicke in the matter *Aballo et al. v. Capital One Financial Corporation et al.*, U.S. District Court for the Northern District of California, Case No. 3:19-cv-04475-WHA, ("Plaintiffs") respectfully respond in opposition to movants' motion for transfer (Doc. 1, the "Motion"), which requests transfer to the Western District of Washington, and to responding requests (the "Responses") to transfer the actions to the Eastern District of Virginia (Docs. 5, 7, 89), and the District of the District of Columbia (Doc. 8, 92). Plaintiffs support the Motion and Responses to the extent that the related and tag-along actions should be centralized in MDL for pretrial proceedings. However, Plaintiffs urge that the actions be consolidated in the Northern District of California, a district with overwhelming expertise in data privacy MDL matters and where many witnesses on issues of causation and damages (namely, the GitHub managers and employees) are located.

Plaintiffs caution that although all the related actions raise common questions of fact against Capital One, the Panel should not assume that discovery in this case will center around Capital One. The Capital One Defendants are headquartered in the Eastern District of Virginia and surely substantial testimony will be compelled from Capital One witnesses. However, Capital One

has already begun to admit its fault in failing to protect the data at issue,[1] making causation and damages—questions of whether and to what extent the sensitive data was disclosed to the public and resulted in harm—central issues in this litigation. All plaintiffs in the related actions allege that their sensitive data was exposed to potential identity thieves and cyber criminals, causing harm. *See, e.g.*, *Zosiak v. Capital One Financial Corp.*, U.S. District Court for the District of Columbia, Case No. 19-cv-2265 (Doc. 1 ¶ 44); *Tadrous v. Capital One Financial Corp.*, U.S. District Court for the District of Columbia, Case No. 19-cv-2292 (Doc. 1 ¶ 49); *Berger et al. v. Capital One Financial Corp.*, U.S. District Court for the District of Columbia, Case No. 19-cv-2298 (Doc. 1 ¶ 61); *Greenstein v. Capital One Financial Corp.*, U.S. District Court for the District of Columbia, Case No. 19-cv-2307 (Doc. 1 ¶ 52); *Lipskar v. Capital One Financial Corp.*, U.S. District Court for the District of Columbia, Case No. 19-cv-2328 (Doc. 1 ¶ 52); *McDonough v. Capital One Financial Corp.*, U.S. District Court for the Eastern District of Virginia, Case No. 19-cv-984 (Doc. 1 ¶ 40); *Fadullon v. Capital One Financial Corp.*, U.S. District Court for the Western District of Washington, Case No. 2:19-cv-1189 (Doc. 1 ¶ 72). Furthermore, although Plaintiffs Aballo and Zielicke are the only plaintiffs so far who name GitHub as a defendant, several other plaintiffs in the proposed MDL also allege, citing, *inter alia*, the criminal complaint against the hacker,[2] that personal and sensitive data was exposed and disclosed on GitHub.com. *See, e.g.*, *Aballo et al.* (Doc. 3 ¶ 18); *Zosiak* (Doc. 1 ¶ 13); *Tadrous* (Doc. 1 ¶¶ 17-18); *Berger et al.* (Doc. 1 ¶ 22); *Greenstein* (Doc. 1 ¶ 13); *Lipskar* (Doc. 1 ¶ 13); *Baird v. Capital One Financial Corp.*, U.S.

---

[1] *Capital One Announces Data Security Incident*, http://phx.corporate-ir.net/mobile.view?c=70667&v=203&d=1&id=2405042 (last access July 30, 2019); *Capital One Data Breach Compromises Data of Over 100 Million*, The New York Times, https://www.nytimes.com/2019/07/29/business/capital-one-data-breach-hacked.html (emphasis added).
[2] https://www.documentcloud.org/documents/6224689-Capital-One-breach-criminal-complaint.html.

District Court for the Eastern District of Virginia, Case No. 19-cv-979 (Doc. 1 ¶¶ 52-53). GitHub is a subsidiary of Microsoft located in San Francisco. The criminal complaint specifies that the stolen data was not discovered on the site until nearly three months after it was posted,[3] implying that the data was exposed for a substantial amount of time—nearly a quarter of a year—without any action taken by GitHub. Accordingly, Plaintiffs anticipate that evidence about current and future harm to all plaintiffs will emanate from GitHub. Because issues of harm are likely to be the major focus of this litigation, the Northern District of California is the most appropriate location for this MDL. Furthermore, the Bay Area is a convenient location for all parties and counsel, and the Northern District of California has the resources and experience with complex data privacy matters to efficiently manage this case.

## I.   BACKGROUND

Plaintiff Aballo, who resides in Florida, has maintained active checking, credit card, and line of credit accounts with Capital One since at least 2010. Plaintiff Zielicke, who resides in California, has maintained a Capital One checking account since at least 2017, and he applied for at least one Capital One credit card in 2018. Both Plaintiffs were required to provide personal information to obtain these accounts. Neither would have applied for these accounts and provided their personal information had they known that Capital One either lacked adequate security systems to safeguard their private information from theft or that Capital One's security systems had been compromised. They bring claims against the Capital One Defendants and GitHub as class claims on behalf of a nationwide class, a California subclass, and a Florida subclass.

Plaintiffs filed their complaint in the Northern District of California on August 1, 2019. At the time of the Panel's Notice of Hearing Session (Doc. 30), a total of 21 related cases had been

---

[3] *Id*. ¶¶ 9, 10.

filed against the Capital One Defendants over this data security breach, in 12 different districts. These suits contain many common factual allegations involving overlapping claims and legal issues. In particular, all plaintiffs in the related actions allege harm. A schedule of actions was filed with the motion to transfer and additional actions have since been related. Plaintiffs are aware that more cases will likely be noticed as related.

## II. ARGUMENT

The appropriate district court for an MDL proceeding must be (1) "for the convenience of the parties and witnesses," and (2) "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Plaintiffs agree with the position taken in the Motion and Responses that common questions of fact make coordinated or consolidated pretrial proceedings appropriate. Because many witnesses as to causation and damages—GitHub managers and employees—are located in San Francisco, and because the Northern District of California is uniquely equipped and experienced in MDL litigation and matters of data privacy, the Panel should locate this MDL in the Northern District of California.

### A. The Northern District of California Will Be the Site of Substantial Discovery.

Given Capital One's admissions so far as to their role in failing to protect sensitive data,[4] and given the allegations of harm by all plaintiffs before the JPML, fact questions as to whether and to what extent this data was exposed to the public (issues of causation and damages) are likely to dominate this litigation. Even for cases that did not name GitHub as a defendant, the relevant witnesses on issues of what personal and sensitive data was uploaded onto GitHub.com and when, how the data could have been accessed and by whom, and whether in fact the data was accessed, are at GitHub in San Francisco. Counsel will need to spend substantial time in San Francisco taking

---

[4] *See supra* n. 1.

depositions and otherwise participating in discovery on the above factual issues. Accordingly, the Northern District of California will be a site of substantial discovery in this MDL.

Although Capital One's headquarters is in the Eastern District of Virginia, and although Capital One witnesses will play a major role in discovery, the Panel is by no means obligated to locate the MDL where the primary Defendants are headquartered. The Panel has long held that "'[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue' and that '[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.'" *See In re: National Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1134, Transfer Order at 2 (J.P.M.L. Apr. 5, 2018) (quoting *In re: FMC Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (J.P.M.L. 1976)). Furthermore, the Panel has previously held, in another security breach litigation, that the MDL need not be located where the primary Defendants are headquartered if the Defendant has significant ties to the transferee district. *See, e.g.*, *In re: Anthem, Inc., Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1364, 1365 (J.P.M.L. 2015) (transferring the MDL to Judge Lucy H. Koh, recognizing that "although headquartered in Indiana, Anthem has significant ties to California, where it is the largest for-profit health insurer and maintains several offices."). Capital One has significant ties to the Northern District of California, with two bank "cafés" in the Bay Area,[5] 184 ATMs in San Francisco,[6] and at least six bank "cafés" in California.[7]

---

[5] *See* https://www.capitalone.com/local/sanfrancisco-unionsquare; https://www.capitalone.com/local/sanfrancisco-walnutcreek.
[6] *See* https://capitalone.banklocationmaps.com/united-states/california/san-francisco.
[7] *See* https://locations.capitalone.com/search/San%20Francisco,%20CA,%20USA?locType=branchloc&locType=cafeloc;
https://locations.capitalone.com/search/Los%20Angeles,%20CA,%20USA?locType=branchloc&locType=cafeloc;

### B. The Bay Area is Convenient for All Parties and Their Counsel.

Geographic location is relevant to the Panel's consideration of whether the proposed court would be convenient for all parties and witnesses. *See In re: Sigg Switzerland (USA), Inc., Aluminum Bottles Marketing and Sales Practices Litig.*, 682 F. Supp. 2d 1347, 1349 (J.P.M.L. 2010). In this case, the Northern District of California is convenient for all parties and their counsel.

First, given the focus on causation and damages in this case, the Northern District of California is most convenient for GitHub and its witnesses.

Second, as for parties, witnesses, and counsel not based in the Bay Area, the Northern District of California is easily accessible from cities across the United States and the world. SFO, Oakland, and San Jose airports are accessible from all major domestic and international cities, and airlines provide numerous direct flights daily into the Bay Area. Nor will there be concerns about lodging, as there are numerous hotels available within walking distance or a short car ride of the San Francisco, Oakland, and San Jose courthouses, and many of these are available at under $200 per night on average during weekdays, when counsel would likely travel.[8]

### C. The Northern District of California Has Ample Resources to Manage the Case.

The staff and Clerk's office of the Northern District of California are well equipped and experienced to provide the necessary support services for managing this litigation and have the capacity to efficiently manage these pretrial proceedings.

---

https://locations.capitalone.com/search/San%20Diego,%20CA,%20USA?locType=branchloc&locType=cafeloc.

[8] *See, e.g.,* https://www.google.com/maps/search/hotel/@37.7847793,-122.4197824,15z/data=!3m1!4b1!4m8!2m7!3m6!1shotel!2sPhillip+Burton+Federal+Building+and+U.S.+Courthouse,+450+Golden+Gate+Ave,+San+Francisco,+CA+94102!3s0x8085809a1b6f4d77:0xae7804c4a1169d57!4m2!1d-122.418333!2d37.7821246.

Furthermore, the Northern District of California has extensive experience managing MDL matters concerning data privacy. *See, e.g.*, *In re Yahoo! Inc. Customer Data Security Breach Litig.*, 223 F. Supp. 3d 1353, 1354 (J.P.M.L. 2016) (transferring to Judge Lucy H. Koh a MDL "arising from Yahoo's announcement on September 22, 2016, that a data security breach of its network occurred in late 2014 in which the personal account information of at least 500 million Yahoo users was stolen"); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362, 1363 (J.P.M.L. 2018) (transferring to Judge Vince Chhabria a MDL "alleg[ing] that Cambridge Analytica and other defendants exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third party applications to prevent this conduct"); *In re: Google Android Consumer Privacy Litig.*, 802 F. Supp. 2d 1372, 1373 (J.P.M.L. 2011) (transferring to Judge Jeffrey S. White a MDL alleging "that Google engaged in improper business practices and violated users' privacy by using and sharing plaintiffs' data without authorization"); *In re: iPhone/iPad Application Consumer Privacy Litig.*, 802 F. Supp. 2d 1363, 1364 (2011) (transferring to Judge Lucy H. Koh a MDL "alleg[ing] that Apple allowed third party application developers to collect, transmit, and misuse personal identifying information from iPhone and iPad users"); *In re: Facebook Internet Tracking Litig.*, 844 F. Supp. 2d 1374, 1374 (2012) (transferring to Judge Edward J. Davila a MDL "alleg[ing] that Facebook improperly tracked users' internet activity after users had logged out of their Facebook accounts").

The district's experience in data privacy MDLs lends itself well to the instant case. In the *Yahoo! Inc. Customer Data Security Breach Litigation*, the Panel found common factual questions "with respect to Yahoo's practices in safeguarding its users' personal information, the investigation into the breach, the alleged delay in disclosing the breach, and the nature of the alleged damages."

223 F. Supp. 3d at 1354. The same factual questions pertain to this matter, and questions about the investigation, delay, and nature of damages all involve GitHub.

### D. Judges In the Northern District of California Are Fit to Efficiently and Effectively Handle This Data Privacy Breach MDL.

Any judge in the Northern District of California would be well equipped to efficiently and effectively handle this case. Plaintiffs' case has been assigned to Judge William Alsup, who, having been on the bench for twenty years, has presided over many MDLs and consolidated cases, as well as several data privacy and security breach cases. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 483 F. Supp. 2d 1356 (J.P.M.L. 2007) (transferring MDL to Judge Alsup); *In re Circular Thermostat Antitrust Litig.*, 370 F. Supp. 2d 1355 (J.P.M.L. 2005) (same); *In re LendingClub Securities Litig.*, 254 F. Supp. 3d 1107 (N.D. Cal. 2017) (granting in part and denying in part motion to dismiss consolidated actions alleging securities violations); *Bass v. Facebook, Inc.*, 2019 WL 2568799, Case No. 18-cv-05982 WHA (N.D. Cal. June 21, 2019) (granting in part and denying in part motion to dismiss allegations arising from hackers stealing Facebook user access tokens); *Dreamstime.com, LLC v. Google, LLC*, 2019 WL 341579, at *6, Case No. 18-cv-01910 WHA (N.D. Cal. Jan. 28, 2019) (granting in part and denying in part motion to dismiss allegations that, in part, Google engaged in unlawful activity to "capture and use privacy protected data of its consumers and advertisers").

Judge Koh's extensive experience presiding over *Yahoo! Inc. Customer Data Security Breach Litigation*, a matter involving the same general factual issues as this case, makes her well suited to preside over this case.

Judge Chhabria would also be well suited to efficiently manage this case. In transferring *Facebook, Inc., Consumer Privacy User Profile Litigation* to Judge Chhabria, the Panel noted that

8

he "is an experienced transferee judge who can steer this litigation on a prudent course." 325 F. Supp. 3d at 1364.

### III. CONCLUSION

All related cases in this matter, and any later "tag-along" cases, should be transferred and centralized pursuant to 28 U.S.C. § 1407 in the Northern District of California.

Dated: August 23, 2019

Respectfully submitted,

**TYCKO & ZAVAREEI LLP**

*/s/ Sabita J. Soneji*
Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
ssoneji@tzlegal.com

Hassan A. Zavareei
Andrea R. Gold
Sarah C. Kohlhofer
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
agold@tzlegal.com
skohlhofer@tzlegal.com

*Counsel for Plaintiffs Aimee Aballo and Seth Zielicke*