## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In Re: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION,** | MDL No. 2915 |

### CONSOLIDATED EASTERN DISTRICT OF VIRGINIA RESPONSE TO MOTIONS TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. § 1407

## I.     Introduction

Plaintiffs in five of the cases pending in the Eastern District of Virginia,[1] (collectively "EDVA Plaintiffs"), file this consolidated response to the Motions to Transfer and Consolidate. They support centralization of the actions filed to date (the "Related Actions") but oppose the Motions to Transfer[2] the centralized cases to either the Western District of Washington or the District of Columbia. Instead, the EDVA Plaintiffs request that the Panel transfer all Related Actions to the Richmond Division of the Eastern District of Virginia, pursuant to 28 U.S.C. § 1407.

The Richmond Division of the Eastern District of Virginia best meets the multiple factors relevant in deciding where to transfer the centralized Actions, including "where the largest number of cases are pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Manual For Complex Litigation, Fourth*

---

[1] *Heath v. Capital One Financial Corp.,* 3:19-cv-00555-JAG (E.D. Va.); *Easton v. Capital One Financial Corp.*, 3:19-cv-00574-JAG (E.D. Va.); *Tester v. Capital One Financial Corp.,* 3:19-cv-00579-JAG (E.D. Va.); *Castro v. Capital One Financial Corp.*, 3:19-cv-586-JAG (E.D. Va.); *Merritt v. Capital One Financial Corp.,* 1:19-cv-01048-AJT-IDD (E.D. Va.).

[2] Dkt. Nos. 1, 8.

§ 20.131 (2004). Specifically, the Richmond Division of the Eastern District of Virginia is the most appropriate forum for transfer and consolidation for the following reasons:

- Capital One's principal place of business, where the majority of its Virginia employees and its largest campus are located, is in Richmond, Virginia, and its Executive Headquarters is located in McLean, Virginia, which is also within the Eastern District of Virginia;

- Key employees and databases are located in the Eastern District of Virginia, and in particular in Richmond;

- The largest number of Related Actions are pending in the Eastern District of Virginia (most of which are in the Richmond Division);

- Judge John A. Gibney, who has been assigned the majority of the Capital One Data Breach cases in the Eastern District of Virginia, is an experienced jurist with a strong background in complex cases, especially those involving the financial services industry; and

- The Eastern District of Virginia has superior docket conditions.

## II.    The Eastern District of Virginia is the forum that best meets the relevant criteria.

### A.    The Eastern District of Virginia is the location of the majority of the common facts, the key evidence in this case, and is convenient for the witnesses.

#### 1.  *Capital One has a Substantial Presence in the Eastern District of Virginia.*

Every single lawsuit before the panel primarily alleges claims against various Capital One entities. Capital One has a substantial presence in the Eastern District of Virginia. Its principal place of business is in Richmond, Virginia, and its executive headquarters are in Northern Virginia.

Roughly 18,400 out of 40,000 Capital One employees work in the Eastern District of Virginia—11,400 employees at the Richmond campus and 7,000 employees in McLean.[3]

Capital One has its largest physical campus in Richmond, and it publicly represents that it will accept service of process of subpoenas at the Richmond campus.[4]

Two of Capital One's data centers are also located within the Richmond Division, "where the company stores and manages vast amounts of information produced by its business providing financial services to roughly 65 million customers."[5]

Further, Capital One's Chief Security Officer and Chief Information Officers are both located in Richmond within the Eastern District of Virginia.[6] Both of these officers are going to be critical witnesses regarding Capital One's security protocols, which is essential to every single

[3] Carol Hazard, *Capital One Empowers Employees to Dream, Disrupt and Find Solutions*, Richmond Times Dispatch, May 2, 2019, https://www.richmond.com/business/local/top-workplaces/capital-one-empowers-employees-to-dream-disrupt-and-find-solutions/article_f0595b25-10b0-5ae8-a70f-b699daa5ecff.html; Jennifer E. Goldman, *Capital One's New Headquarters Means Big Things for Northern Virginia*, InsideNOVA, Oct. 22, 2018, https://www.insidenova.com/news/business/capital-one-s-new-headquarters-means-big-things-for-northern/article_b4009e1a-d654-11e8-9c75-e7ccc4df3735.html.

[4] Capital One's Richmond campus is located at 15040 Capital One Drive, Henrico, Virginia. *See* https://www.google.com/maps/place/West+Creek+4/@37.6299275,-77.6747352,1258m/data=!3m1!1e3!4m5!3m4!1s0x89b1699ebfe91ce3:0x4d1f2930eb5b0fae!8m2!3d37.630219!4d-77.6721952 (last visited Aug. 22, 2019); Capital One Subpoena Policy, *available at* https://www.capitalone.com/legal/subpoena-policy (last visited Aug. 22, 2019).

[5] John Reid Blackwell, *Capital One Data Center Points to the Future*, Richmond Times Dispatch, Mar. 13, 2014, https://www.richmond.com/business/capital-one-data-center-points-to-the-future/article_dd81d0ca-aa48-11e3-a3b9-0017a43b2370.html.

[6] LinkedIn Profile for William Baker, *available at* https://www.linkedin.com/in/william-baker-9ba8b35/ (last visited Aug. 12, 2019); LinkedIn Profile for Robert Alexander, *available at* https://www.linkedin.com/in/robert-alexander-3777a04/ (last visited Aug. 12, 2019).

lawsuit to be centralized in the MDL action.

This Panel has often transferred MDL cases to a defendant's principal place of business, as that is often where the critical documents and witnesses will be located. *In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1326 (J.P.M.L. 2017) (granting a transfer of the Equifax data breach MDL to the Northern District of Georgia because "Equifax is headquartered in that district, and relevant documents and witnesses thus likely will be found there."); *In re Inv'rs Funding Corp. of New York Sec. Litig.*, 437 F. Supp. 1199, 1203 (J.P.M.L. 1977) ("The Southern District of New York is clearly the most appropriate transferee forum for this litigation. Investors Funding Corporation of New York and Investors Funding Collateral Corporation are headquartered within that district and therefore many of the relevant documents and witnesses are located in the New York vicinity."); *In re Clinton Oil Co. Sec. Litig.*, 368 F. Supp. 813, 814 (J.P.M.L. 1973); *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 130 F.R.D. 475, 476 (J.P.M.L. 1990); *In re Local TV Advert. Antitrust Litig.*, 338 F. Supp. 3d 1341, 1343 (J.P.M.L. 2018); *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362, 1364 (J.P.M.L. 2018).

> 2. *Amazon Web Services has a Substantial Presence in the Eastern District of Virginia.*

Amazon Web Services ("AWS") has a strong, and case-relevant, presence in the Eastern District of Virginia. Amazon Web Services – the only Amazon subsidiary relevant to this matter – operates its cloud platform using an array of redundant sites around the world.  Its United States presence forms the backbone of its cloud infrastructure, and is comprised of 38 data center facilities in Northern Virginia, compared to only eight in San Francisco, eight in Seattle, and seven in

4

Oregon.[7]  And of course, the new corporate headquarters for its parent company, Amazon.com, Inc. in Virginia is already underway.[8]  AWS has leased at least 852,800 square feet across campuses within the Eastern District of Virginia to provide a base for its approximately 1,500 Virginia based employees.[9]

As it relates to the present case, Capital One's Virginia employees regularly access the GitHub platform to which Thompson posted the data that was later accessed by another GitHub user (and ultimately Capital One itself when it downloaded the data to confirm the anonymous tip that had been made about the content of its data).[10]  Indeed, even the manager of Capital One's Cybersecurity Operations Risk management team that has direct responsibility for the Amazon Web Services Cloud works in both Richmond and McLean, Virginia.[11]  It is expected that Plaintiffs will

---

[7] Sebastian Moss, *WikiLeaks Publishes List of AWS Data Center Locations, Colo Providers*, *available at* https://www.datacenterdynamics.com/news/wikileaks-publishes-list-aws-data-center-locations-colo-providers (last visited August 25, 2019).

[8] Dennis Green, *Amazon Reportedly Plans to Set Up 2 Different Locations for its HQ2 - in New York and Virginia*, Business Insider, Nov. 6, 2018, https://web.archive.org/web/20181106052218/https://www.businessinsider.com/amazon-hq2-new-headquarters-will-be-in-queens-and-crystal-city-2018-9.

[9] Jon Banister, *Amazon to Fill Up Federal Capital Partners' 400K SF One Dulles Tower*, *available at* https://www.bisnow.com/washington-dc/news/office/amazon-web-services-to-lease-400k-sf-building-in-herndon-73733 (last visited Aug. 26, 2019); Fatimah Waseem, *Report: Amazon Web Services Expands in Herndon*, *available at* https://www.restonnow.com/2019/07/26/report-amazon-web-services-expands-in-herndon/ (last visited Aug. 26, 2019).

[10] Complaint at 5-6, *United States v. Paige A. Thompson,* No. 2:19-mj-00344-MAT (W.D. Wash. July 29, 2019).

[11] Manager, Cybersecurity Operations Risk – Cyber Risk Management, *available at* https://www.capitalonecareers.com/job/mclean/manager-cybersecurity-operations-risk-cyber-risk-management/1732/11676978 (last visited August 26, 2019).

wish to depose the employee that holds this position, as well as the Capital One employee(s) that initially retrieved the data from Paige Thompson's publicly available GitHub file storage location to complete the initial assessment of the risk exposure.

These Virginia AWS contacts are directly related to the issues in this case. Thus, although Plaintiff Fadullon argues that this case should be transferred to the Western District of Washington because that is where AWS is headquartered, AWS's presence in Washington state is primarily a large number of Amazon retail-website and warehouse-related employees. In addition, given that AWS's business is predicated on the electronic storage of data, there should be minimal burden in AWS producing the documents relevant to this litigation electronically in the Eastern District of Virginia. *See, e.g.*, *Wyandotte Nation v. Salazar*, 825 F. Supp. 2d 261, 271 (D.D.C. 2011) ("With respect to the location of documents, in this digital age of easy and instantaneous electronic transfer of data, the Court does not find that the 'ease of access to sources of proof' factor carries any weight in the transfer analysis."); *Oakley v. Remy Int'l, Inc.*, Case No. 2:09cv0107, 2010 WL 503125, at *5 (M.D. Tenn. Feb. 5, 2010) ("The Court recognizes that in the modern era of photocopying, scanning, fax machines, email, overnight delivery services, etc., the location of documents should be considered a neutral factor when deciding to transfer venue under § 1404(a)." (internal quotations omitted)).

> 3. *The Location of Defendant Paige A. Thompson has Little Relevance to the Transfer Decision.*

Plaintiff Fadullon additionally argues that this case should be transferred to the Western District of Washington because that is where the cyber attacker, Paige A. Thompson, is incarcerated. Ms. Thompson has been named as a defendant in some of the pending cases. However,

the location of Ms. Thompson does not justify a transfer to the Western District of Washington.

Ms. Thompson's current presence in a Bureau of Prisons' facility ("BOP") located in Washington state has little relevance. As an initial matter, it is unclear what evidence Ms. Thompson possesses that would be relevant. Moreover, if Plaintiffs attempt to depose her prior to her trial or any sentencing, she is likely to assert her Fifth Amendment right to remain silent. *Mitchell v. United States*, 526 U.S. 314 (1999) (Fifth Amendment privilege extends through sentencing). After sentencing, she will be moved per BOP policy to her final designation, which may or may not be in Washington state. In short, Ms. Thompson's current presence in Washington state is a minor factor and most of the litigation in this case will focus on Capital One's negligence and failure to enact procedures to protect consumers' information and prevent a data breach. As discussed above, these documents are located within the Eastern District of Virginia.

### 4. *The Eastern District of Virginia is a Convenient Location for Witnesses.*

Even if this Panel were to find that Ms. Thompson is a critical witness and that key documents and witnesses are located at AWS's Seattle headquarters, the Eastern District of Virginia is still a convenient location for witnesses. Virginia is centrally located on the East Coast and is easily accessible to witnesses and lawyers, as well as experts. The district is supported by no fewer than five international and national airports, all and easy drive from Capital One's Richmond location. Finally, the Eastern District of Virginia offers all the amenities of a larger metropolitan venue. And the Richmond Division presents almost no traffic or other travel impediments. It is particularly well-suited for MDL transfer. It offers the important advantages of travel access, with an airport serviced by six major carriers, connecting to most national hubs. It is also an accessible interstate drive from Northern Virginia's airports, counter to the Washington, D.C. area's rush hour

traffic cycles.

**B.       More cases are pending in the Eastern District of Virginia than any other court.**

As of the date of this filing, 16 cases have been filed in the Eastern District of Virginia—more than any other jurisdiction.[12] In contrast, only four cases have been filed in the Western District of Washington, and six have been filed in the District for the District of Columbia. Most other courts have only one or two cases.

Of the Eastern District of Virginia cases, nine (9) out of sixteen (16) are currently docketed in the Richmond Division, all in front of Judge John Gibney.

As this Court has recognized, it is appropriate to transfer a case to a court where most of the cases are already pending, particularly where, as here, that court is also where the defendant's headquarters is located. *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362, 1364 (J.P.M.L. 2018); *In re Air Crash Disaster Near Collidge, Arizona, on May 6, 1971*, 362 F. Supp. 572, 573 (J.P.M.L. 1973); *In re: Personalweb Techs., LLC, & Level 3 Commc'ns, LLC, Patent Litig.*, 340 F. Supp. 3d 1373, 1375 (J.P.M.L. 2018).

---

[12] *Heath v. Capital One Financial Corp.,* 3:19-cv-00555-JAG (E.D. Va.); *Carter v. Capital One Financial Corp.*, 3:19-cv-00557-JAG (E.D. Va.); *Easton v. Capital One Financial Corp.*, 3:19-cv-00574-JAG (E.D. Va.); *Materna v. Capital One Financial Corp.,* 3:19-cv-00581-JAG (E.D. Va.); *Tester v. Capital One Financial Corp.,* 3:19-cv-00579-JAG (E.D. Va.); *Castro v. Capital One Financial Corp.,* 3:19-cv-586-JAG (E.D. Va.); *Baird v. Capital One Financial Corp.*, 3:19-cv-00585-JAG (E.D. Va.); *Barnes v. Capital One Financial Corp.,* 3:19-cv-00587-JAG (E.D. Va.); *McDonough v. Capital One Financial Corp.,* 3:19-cv-00595-JAG (E.D. Va.); *Anthony v. Capital One, N.A.*, 1:19-cv-00993-CMH-JFA (E.D. Va.); *Merritt v. Capital One Financial Corp.*, 1:19-cv-01048-AJT-IDD (E.D. Va.); *Dames v. Capital One Financial Corp.*, 1:19-cv-01010-CMH-TCB (E.D. Va.); *Hilker v. Capital One Financial Corp.,* 1:19-cv-00995-RDA-JFA (E.D. Va.); *Aminov v. Capital One Financial Corp.,* 1:19-cv-01006-RDA-JFA (E.D. Va.); *Cox v. Capital One Financial Corp.*, 1:19-cv-01042-RDA-JFA (E.D. Va.); *Busby v. Capital One Financial Corp.*, 1:19-cv-01062-RDA-TCB (E.D. Va.).

C.      The experience and skill of jurists in the District supports transfer.

The Panel considers the experience and skill of the judges in each district under consideration as a transferee court. *See e.g. In re Chinese-Manufactured Drywall Prods. Liab. Litig.,* 626 F. Supp. 2d 1346, 1347 (J.P.M.L. 2009); *In re Health Mgmt. Assoc., Inc. Old Tam Litig.,* 2014 WL 1338479 at *2 (J.P.M.L. 2014); *In re BiometM2a Magnum Hip Implant Prods. Liab. Litig.,* 896 F. Supp. 2d 1339, 1340-1341 (J.P.M.L. 2012) (add'l cases).

The Eastern District of Virginia, Richmond Division has for a long time been one of the largest hubs of complex federal Financial Services litigation, with groundbreaking and complicated litigation leading this District and Nationally. Judge John A. Gibney,[13] who has been assigned nearly all of the Capital One cases currently pending in the Eastern District of Virginia,[14] has handled over 90 class actions, with more than half of those being in the financial services arena. His work in previous cases demonstrates his ability to manage a complex docket as well as his ability to adapt the rigors of the "Rocket Docket" as necessary to facilitate rather than impede effective litigation of such cases.

---

[13] The Panel will of course independently verify this conclusion, but multiple Virginia attorneys have confirmed that there would be no impediments imposed from within the District to either Eastern District of Virginia transfer or assignment to Judge Gibney. United States District Judge Mark S. Davis became the Chief Judge effective December 4, 2018.

[14] *Heath v. Capital One Financial Corp.,* 3:19-cv-00555-JAG (E.D. Va.); *Carter v. Capital One Financial Corp.,* 3:19-cv-00557-JAG (E.D. Va.); *Easton v. Capital One Financial Corp.*, 3:19-cv-00574-JAG (E.D. Va.); *Materna v. Capital One Financial Corp.,* 3:19-cv-00581-JAG (E.D. Va.); *Tester v. Capital One Financial Corp.,* 3:19-cv-00579-JAG (E.D. Va.); *Castro v. Capital One Financial Corp.,* 3:19-cv-586-JAG (E.D. Va.); *Baird v. Capital One Financial Corp.*, 3:19-cv-00585-JAG (E.D. Va.); *Barnes v. Capital One Financial Corp.,* 3:19-cv-00587-JAG (E.D. Va.); *McDonough v. Capital One Financial Corp.,* 3:19-cv-00595- JAG (E.D. Va.).

Cross-sections of complex cases handled by Judge Gibney in the past few years include:

1) *Financial Services class actions*. Judge Gibney has handled hundreds of financial services cases,  as well as numerous class actions under the various consumer protection and privacy statutes. *See, e.g., Dreher v. Experian Information Solutions*, *Inc.*, Case No. 3:11-cv-624 (E.D. Va.); *Hayes, et al. v. Delbert Services Corp.,* Case No. 3:14-cv-258 (E.D. Va.); *Kelly v. Nationstar*, Case No. 3:13-cv-311 (E.D. Va.); *Burke v. Seterus, Inc.*, Case No. 3:16-cv-785 (E.D. Va.); *Ryals v. Hireright Sols., Inc.*, Case No. 3:09-cv-625 (E.D. Va.); *Henderson v. First Advantage Background Servs., Corp.*, Case No. 3:14-cv-00221, (E.D. Va.); *Pitt v. Kmart Corp.*, Case No. 3:11-CV-697 (E.D. Va.). Typically, Judge Gibney enters pretrial orders that enable the parties to distill the issues and proceed with discovery in an orderly way—sometimes phased and sometimes not.

2) *In re: Interior Molded Doors Antitrust Litigation*, Case Nos. 3:18cv718 and 3:18cv850 (E.D. Va.). The case involves two antitrust class actions, one for direct purchases and one for indirect purchasers, which have been consolidated for pretrial purposes. A total of twenty-six law firms have appeared in the cases. Judge Gibney has appointed lead and liaison counsel in both cases and directed the filing of consolidated amended complaints. Motions practice and discovery are on-going.

3) *United States v. Commonwealth of Virginia*, Case No. 3:12cv59 (E.D. Va.). This case involves Virginia's "training centers," large hospitals that formerly housed hundreds of citizens with developmental disabilities. Judge Gibney entered a consent decree entered in 2012, under which the Commonwealth agreed to implement a new system that would move residents to less restrictive environments. The consent decree requires the

Commonwealth to completely revamp its services to citizens with developmental disabilities by June 30, 2021. Judge Gibney appointed a special monitor to track and report on the process and conducts quarterly meetings with counsel for both sides and approximately twenty representatives of state agencies involved in the transition.

4) *Atlantic Coast Pipeline Cases*, Case No. 3:17cv814 (E.D. Va.) (lead). This litigation involves the condemnation of property for the construction of a natural gas pipeline that runs across the entire Eastern District of Virginia. The Court consolidated fifty-four individual condemnation cases into this case. The Court decided the major legal issues in several rulings at the beginning of the cases and has set hearings for each parcel of land to be taken.

**D.      The "Rocket Docket" has superior docket conditions.**

The Eastern District of Virginia, informally known as the "Rocket Docket," has an established record of efficiently handling complex litigation. A comparison of current docket conditions and volume weigh in favor selecting the Eastern District of Virginia. For all civil cases, the Eastern District of Virginia processes cases more efficiently than any other district, with a median time from filing to trial of 12.4 months, for the 12-month period ending December 31, 2018, compared to 19.4 months in the Western District of Washington and 27.4 months for all districts.[15] Similarly, the median time from filing to disposition in the Eastern District of Virginia of 5.3 months for the 12-month period ending December 31, 2018, compared to 7.4 months in the Western District

---

[15] U.S. Courts, National Judicial Caseload Profile, December 31, 2018, *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2018.pdf (last visited on Aug. 15, 2019).

of Washington and 10.1 months for all districts.[16] The Eastern District of Virginia disposes of cases faster than the Western District of Washington, and that is a very important factor for consideration in matters of data breach and security.

The Eastern District of Virginia also has the capacity to handle the transferred cases. The Eastern District of Virginia has 11 active district court judges, while the Western District of Washington only has 7.[17] Virginia also has fewer civil cases assigned to each judge—in the Eastern District of Virginia, only 315 civil cases were assigned to each judge as of December 31, 2018, as opposed to 431 civil cases per judge in the Western District of Washington.[18] In large, complex, and technical MDLs like this, the Panel has emphasized that the transferee district should have sufficient capacity to handle the transferred cases. *See In re Merrill Lynch & Co. Inc. Research Reports Litig.,* 223 F. Supp. 2d 1388, 1390 (J.P.M.L. 2002). Given the higher caseload per judge in the Western District of Washington, adding a complex MDL would not be as ideal for the court or the litigants as would transferring the cases to the Eastern District of Virginia.

There are currently only two sets of MDL cases pending in this otherwise large District,[19] one before Judge Trenga in the Alexandria Division and the other before now Senior Judge Smith in the Norfolk Division. This compares with 7 alone in the District for the District of Columbia.[20]

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_by_District-August-15-2019.pdf.

[20] *Id.*

Further, despite the District's substantial complex litigation expertise, there has been only one other MDL transferred to the Eastern District in the last decade, and one other in the decade before that.[21]  The last MDL transferred to the Richmond Division was in 1999, and before that 1984. The Eastern District of Virginia has complex litigation expertise, one of the most efficient docket management systems in the nation and a willingness to receive and accept the addition of conditional transfer cases into the existing large Capital One Richmond docket.

## III.   CONCLUSION

For the foregoing reasons, the EDVA Plaintiffs respectfully request that the Related Actions be consolidated/coordinated and transferred to the United States District Court for the Eastern District of Virginia, Richmond Division.

Dated: August 26, 2019

Respectfully submitted,

By:    /s/ Leonard A. Bennett

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
LenBennett@clalegal.com

*Attorney for Marsha Heath, Sherry Blackburn,*
*Isabel DeLeon, Ashley Grant, Leana Yancey, Richy*
*Castro, Lenora Glover, Patrick Inscho, Andrew*

---

[21] https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2018.pdf at 20.

*Johnson, Tiffani Myers, Steven Pike, Herbert White, Hamdi Eslaquit, and Joanne Elena*


By:____/s/Jeffrey A. Breit_____

Jeffrey A. Breit, VSB#18876
Kevin Biniazan, VSB#92109
BREIT CANTOR GRANA BUCKNER, PLLC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Telephone: (757) 622-6000
Facsimile: (757) 670-3939
Jeffrey@breitcantor.com
kbiniazan@breitcantor.com

Irvin V. Cantor, VSB#17870
BREIT CANTOR GRANA BUCKNER, PLLC
7130 Glen Forest Drive, Suite 400
Richmond, Virginia 23226
Telephone: (804) 644-1400
Facsimile: (804) 644-9205
icantor@breitcantor.com

Lewis "Mike" S. Eidson, Jr. FLB#151088
Julie Braman Kane, FLB#980277
Patrick Shanan Montoya, FLB#0524441
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, Florida 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
mike@colson.com
julie@colson.com
patrick@colson.com

*Attorneys for Maria de Lourdes Tester and Tracy Elizabeth Masi*

By:____/s/ E. Michelle Drake_____

E. Michelle Drake

14

Email: emdrake@bm.net
BERGER MONTAGUE, PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5933
Fax: (612) 584-4470

Shanon J. Carson
Email: scarson@bm.net
BERGER MONTAGUE, PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604

Scott A. Surovell
Email: ssurovell@surovellfirm.com
SUROVELL ISAACS & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Tel: (703) 277-9750
Fax: (703) 591-9285

*Attorneys for Plaintiff Jessica Easton*

By:____/s/ Justin Matthew Sheldon_____

Justin Matthew Sheldon
Frank Henry Hupfl, III
Geoff McDonald & Associates, PC
3315 W. Broad Street
Richmond, Virginia 23230
Tel: 804.888.8888
Fax: 804.359.5426
Email: jsheldon@mcdonaldinjurylaw.com
Email: fhupfl@mcdonaldinjurylaw.com

*Attorney for Tyrone Merritt, Joseph Royal, Jr. and John Spacek*