BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: CAPITAL ONE CUSTOMER DATA SECURITY BREACH LITIGATION

MDL NO. 2915

THE AGNEW PLAINTIFFS' MEMORANDUM IN SUPPORT OF TRANSFER TO AND CONSOLIDATION OR COORDINATION OF RELATED ACTIONS IN THE DISTRICT OF THE DISTRICT OF COLUMBIA

Pursuant to J.P.M.L. Rule 6.2(e), the Agnew Plaintiffs[1] file this Interested Party Response in support of the pending Motion of District of Columbia Plaintiffs for Transfer to and Consolidation or Coordination of Related Actions in the District of the District of Columbia, *In re: Capital One Customer Data Sec. Breach Litig.*, MDL No. 2915 (J.P.M.L. Aug. 2, 2019), ECF No. 5.

## FACTUAL BACKGROUND

At the time of this filing, hundreds of plaintiffs have filed more than 30 class action complaints (the "Related Actions," identified on the docket of MDL No. 2915) across the country against Capital One Financial Corp. ("Capital One" or "Defendant") stemming from the disclosure of personally identifiable information ("PII") of over 100 million credit card customers and applicants (the "Breach"). The Related Actions allege substantially the same charge—that Defendant's inadequate data security allowed unauthorized third parties to access and copy PII, which Breach went unnoticed until Defendant received a tip from someone who saw the stolen PII posted online. The Related Actions allege, *inter alia*, breach of implied contract, negligence, invasion of privacy, and violations of state data breach and consumer protection statutes.

---

[1] "Plaintiffs" refers to named Plaintiffs in the related complaint at *In re: Capital One Customer Data Sec. Breach Litig.*, MDL No. 2915 (J.P.M.L. Aug. 19, 2019), ECF No. 58 (originally filed at *Agnew v. Capital One Fin. Corp.*, No. 1:19-cv-02489 (D.D.C. Aug. 16, 2019)).

1

There are numerous legal and factual issues common to the Related Actions, making transfer and consolidation or coordination to a single judicial District for pretrial proceedings the most equitable and efficient litigation. The District of the District of Columbia is the most appropriate judicial District for consolidation or coordination:

1. Capital One's headquarters in McLean, Virginia, is less than 11 miles from District of the U.S. District Court for the District of Columbia making it the most convenient forum for this litigation.

2. The District of the District of Columbia is experienced with the management of complex class action and multidistrict litigation, including recent data breach litigation involving millions of victims; such litigation includes:

    a. *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, MDL No. 2360 (D.D.C.) (Boasberg, J.) (involving the theft of PII of 4.7 million members of the U.S. military and their families who were enrolled in TRICARE health care);

    b. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, MDL No. 2664 (D.D.C.) (involving the theft of PII of 21 million federal employees); and

    c. *In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, MDL No. 1796 (D.D.C.) (involving the theft of PII of 26.5 million veterans and their spouses).

3. The cases filed in the District of Columbia have been assigned to Judge James Boasberg who is experienced with complex class actions and has previously managed a multidistrict data breach case, *In re SAIC Backup Tape Data Theft Litig.*, MDL No. 2360 (D.D.C.).

4. The *Agnew* complaint filed in the District of the District of Columbia was filed on behalf of 104 plaintiffs from all 50 states and the District of Columbia making this forum a preferred choice of plaintiffs from the entire country. *See Agnew v. Capital One Fin. Corp.*, No. 1:19-cv-02489 (D.D.C. Aug. 16, 2019).

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE TRANSFERRED FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

28 U.S.C. § 1407(a) permits the Judicial Panel on Multidistrict Litigation (the "Panel") to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Transfer of the Related Actions to the District of the District of Columbia would most effectuate this policy.

#### A. The Related Actions Involve Numerous Common Questions of Fact

The Related Actions all involve substantially the same issues and allegations stemming from the Breach. The Panel has consistently held that data breach cases arising from a common breach should be transferred for consolidation or coordination.[2] As previously stated, all of the Related Actions arise out of the Breach of Capital One's credit card application database by an

---

[2] *See, e.g.*, *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2879, 363 F. Supp. 3d 1372, 1373–75 (J.P.M.L. 2019) ("The factual overlap among these actions is substantial, as they all arise from the same data breach, and they all allege that [the defendant] failed to put in to place reasonable data protections."); *In re Uber Techs., Inc., Data Sec. Breach Litig.*, MDL No. 2826, 304 F. Supp. 3d 1351 (J.P.M.L. 2018); *In re Sonic Corp. Customer Data Sec. Breach Litig.*, MDL No. 2807, 276 F. Supp. 3d 1382 (J.P.M.L. 2017); *In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2800, 289 F. Supp. 3d 1322 (J.P.M.L. 2017); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, MDL No. 2752, 223 F. Supp. 3d 1353 (J.P.M.L. 2016); *In re: Sprouts Farmers Mkt., Inc., Employee Data Sec. Breach Litig.*, MDL No. 2731, 232 F. Supp. 3d 1348 (J.P.M.L. 2016); *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, MDL No. 2737, 214 F. Supp. 3d 1357 (J.P.M.L. 2016); *In re Med. Informatics Eng'g, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2667, 148 F. Supp. 3d 1381 (J.P.M.L. 2015); *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 148 F. Supp. 3d 1378 (J.P.M.L. 2015); *In re: U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, MDL No. 2664, 138 F. Supp. 3d 1379 (J.P.M.L. 2015). There are numerous other data breach cases in which the Panel held that transfer was warranted.

unauthorized third party, resulting in the disclosure of millions of individuals' and businesses' PII. Questions of fact common to all of these cases include:

    a. Whether Capital One's credit card application database was breached;

    b. Whether Capital One's credit card customers' or applicants' PII was disclosed or compromised as a result of the Breach;

    c. Whether Capital One's data security practices were adequate or met industry standards;

    d. Whether Capital One acted promptly and adequately in when notifying affected customers and applicants;

    e. Whether Plaintiffs' injuries, such as identity fraud and credit fraud, flowed from the Breach; and

    f. What the appropriate level of damages is for affected customers and applicants.

These common factual issues should guide the Panel's decision. Though differing legal issues may arise with various state laws, "the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re Sonic Corp. Customer Data Sec. Breach Litig.*, MDL No. 2807, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017).

### B. Transfer of the Related Actions to the District of the District of Columbia Would Be Convenient for the Parties and Witnesses

Proceeding with more than 30 individual class actions across the country would create a tremendous burden for Defendant and witnesses common to the Related Actions. Transfer of the cases to the District of the District of Columbia would best alleviate any inconvenience for the parties and witnesses. First, the Related Actions have the potential to require extensive discovery, potentially creating a heavy burden on Defendant and witnesses to effectuate

4

discovery for numerous actions; consolidating or coordinating the Related Actions would alleviate the burden of duplicative discovery. *In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, MDL No. 1796, 461 F. Supp. 2d 1367, 1368 (J.P.M.L. 2006) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery."). Second, informal coordination of over 30 Related Actions would be impracticable. Transferring the Related Actions would allow a single judge to coordinate the case to minimize inconvenience for parties and witnesses. *See, e.g.*, *In re Uber Techs., Inc., Data Sec. Breach Litig.*, MDL No. 2826, 304 F. Supp. 3d 1351, 1354 (J.P.M.L. 2018) ("[E]ffective coordination [of 17 cases] on an informal basis [would be] impracticable."). Finally, "[w]hile it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole." *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2800, 2018 WL 3770539, at *1 (J.P.M.L. Aug. 8, 2018).

### C. Transfer of the Related Actions to the District of the District of Columbia Would Promote the Just and Efficient Conduct of the Actions

More than 30 duplicative proceedings across the country would result in the inefficient use of judicial resources, as each District Court would be adjudicating substantially the same issues with the same Defendant and many of the same witnesses. These duplicative proceedings would likely result in inconsistent rulings and outcomes affecting the rights of the plaintiffs and classes and the liability of Defendant. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019) ("Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary."). Transferring the Related Actions to the District of the District of Columbia would promote the just and efficient adjudication of the actions.

## II. THE RELATED ACTIONS SHOULD BE TRANSFERRED TO THE DISTRICT OF THE DISTRICT OF COLUMBIA

The Panel has discretion over which District and judge the Related Actions will be transferred to. 28 U.S.C. § 1407(a)–(b). The Panel will generally consider (1) the number of cases filed in or near this District, (2) the location of the parties, witnesses, and evidence, and (3) the experience of the transferee Court and judge. *See In re Uber Techs., Inc., Data Sec. Breach Litig.*, MDL No. 2826, 304 F. Supp. 3d 1351, 1355 (J.P.M.L. 2018). These factors weigh in favor of transferring the Related Actions to the District of the District of Columbia.

### A. There Are a Significant Number of Related Actions Filed in the District of the District of Columbia

At the time of this filing, there are nine Related Actions filed in the District of Columbia. Only the Eastern District of Virginia has more Related Actions. It should be noted, however, that the Related Actions filed in the District of the District of Columbia represent a total of 123 plaintiffs, representing all 50 states and the District of Columbia, while the Related Actions filed in the Eastern District of Virginia represent a total of only 51 plaintiffs, as of this date. The number of cases and plaintiffs on file therefore weighs in favor of transfer to the District of the District of Columbia.

### B. Most of the Parties, Witnesses, and Evidence are Located in or Near the District of the District of Columbia

Not only are many of the plaintiffs' actions filed in the District of the District of Columbia, this District is also the most convenient venue for Defendant and for adjudicating the case as a whole. Defendant is headquartered in McLean, Virginia, just 11 miles from Washington, D.C., well within the subpoena authority of the Court. *See* Fed. R. Civ. P. 45(c). Washington, D.C. is easily accessible via Baltimore/Washington International Thurgood Marshall Airport, Reagan National Airport, Dulles International Airport, and Union Station's

Amtrak train service. Defendant's counsel, King & Spalding LLP, also have an office in Washington, D.C. *See, e.g.*, *In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Practices Litig.*, MDL 2665, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015) (transferring to District of the District of Columbia due to its convenience, accessibility, and proximity to defendant's Baltimore headquarters).

Additionally, the great weight of relevant evidence is located in or near Washington, D.C. as Defendant's data security practices are the key issue in this litigation. Other Related Actions filed in the Western District of Washington are nearest to the criminal defendant, Paige Thompson, who allegedly perpetrated the Breach and who has been charged and is in federal custody. Though Thompson may ultimately be a witness in the litigation, she is not included as a civil defendant in most of the Related Actions, and Capital One remains the key source of evidence, so transfer to the Western District of Washington would greatly inconvenience the many plaintiffs who did not charge Thompson as well as Defendant Capital One.[3] Plaintiffs in Related Actions unanimously allege that Defendant Capital One is liable for the Breach as the party that collected and failed to secure their PII. Finally, the Western District of Washington is not as easily accessible to the parties as is District of the District of Columbia.

### C. The District of the District of Columbia and Judge Boasberg Are Experienced in Complex Class Action, Multidistrict, and Data Breach Litigation

The Panel often looks to the experience and resources of the District Court and the judge when deciding on the forum to consolidate related actions, especially where the case is expected

---

[3] It would be no more convenient or efficient to transfer the Related Actions to the District where the alleged perpetrator resides than to the District where Capital One's data servers are physically located, as what physically occurred in these locations is not as important as Capital One's data security practices to the prosecution of the case.


to be highly complex.[4] The District of the District of Columbia has managed countless complex class actions and multidistrict litigations, including three data breach multidistrict litigations:

    a. *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, MDL No. 2360 (D.D.C.) (Boasberg, J.) (involving the theft of PII of 4.7 million members of the U.S. military and their families who were enrolled in TRICARE health care);

    b. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, MDL No. 2664 (D.D.C.) (involving the theft of PII of 21 million federal employees); and

    c. *In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, MDL No. 1796 (D.D.C.) (involving the theft of PII of 26.5 million veterans and their spouses).

The Eastern District of Virginia and the Western District of Washington have not managed any multidistrict data breach litigations.

    Judge Boasberg, to whom the first Related Cases in the District of the District of Columbia have been assigned, has extensive experience with complex class actions and a multidistrict data breach case, *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, MDL No. 2360 (D.D.C.), which involved the theft of PII of 4.7 million members of the U.S. military and their families who were enrolled in TRICARE health care. Additionally, Judge Boasberg has served on the U.S. Foreign Intelligence Surveillance Court since 2014, ensuring

---

[4] *In re: Anthem, Inc., Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015) (assigning the litigation to a judge "with multidistrict litigation experience and the ability to steer this large and potentially complicated litigation on an efficient and prudent course"); *In re: Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1339 (J.P.M.L. 2014) (assigning the litigation to a judge "with extensive experience in multidistrict litigation"); *In re: Home Depot, Inc. Customer Data Sec. Breach Litig.*, 65 F. Supp. 3d 1398, 1400 (J.P.M.L. 2014) (same); *In re Med. Informatics Eng'g, Inc., Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1381, 1382 (J.P.M.L. 2015)

that he has the technical knowledge and understanding to manage the complex data security issues of this litigation.

It is apparent that the District of the District of Columbia is the most experienced at managing multidistrict data breach litigation and transfer of the Related Actions to this District would best effectuate of Panel's policy of promoting just and efficient adjudication.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Panel transfer and consolidate or coordinate the Related Actions to the District of the District of Columbia before the Honorable James Boasberg.

Dated: August 26, 2019

Respectfully submitted,

/s/ Gary E. Mason
Gary E. Mason, D.C. Bar No. 418073
**Whitfield Bryson & Mason LLP**
5101 Wisconsin Avenue NW | Ste 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@wbmllp.com

Charles E. Schaffer (pro hac to be filed)
**Levin Sedran & Berman, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: 215-592-4663
cschaffer@lfsblaw.com